UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ADDYS LAMB,<br><div align="center">Appellant,</div> | DOCKET NUMBER<br>NY-3443-21-0123-I-2 |
| v. | |
| U.S. POSTAL SERVICE,<br><div align="center">Agency.</div> | DATE:  May 28, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alan J. Shapiro, Warrensville Heights, Ohio, for the appellant.

Lori L. Markle, St. Louis, Missouri, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

On March 12, 2024, the administrative judge issued an initial decision in the instant appeal dismissing the appellant's restoration claim as a partially recovered employee for lack of jurisdiction. *Lamb v. U.S. Postal Service*, MSPB Docket No. NY-3443-21-0123-I-2, Appeal File, Tab 32, Initial Decision (ID). The initial decision advised the appellant that the deadline to file a petition for review was April 16, 2024, and it provided him with information as to how to file a petition for review. ID at 8-9.

On October 25, 2024, the appellant submitted a filing purporting to challenge the March 12, 2024 initial decision in this case. Petition for Review (PFR) File, Tab 1 at 1. However, the appellant's filing was addressed to a different administrative judge who on October 10, 2024, had issued an initial decision in an entirely separate appeal at MSPB Docket No. NY-0752-19-0223-B-2 involving the appellant's reduction-in-grade claim. *Id.*; PFR File, Tab 2 at 1. On October 30, 2024, the Office of the Clerk of the Board issued an acknowledgement letter accepting the appellant's submission as a petition for review in the instant matter and also directing him to file a pleading indicating whether he intended his October 25, 2024 submission to also be considered as a petition for review in MSPB Docket No. NY-0752-19-0223-B-2. PFR File, Tab 2 at 1 n.2. The acknowledgement order also informed the appellant that his petition for review in this case was untimely filed because it had not been postmarked or received by April 16, 2024, the 35th day following the issuance of the initial decision. *Id.* at 2. The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause and it set a deadline for him to file such a motion. *Id.* The Clerk specifically informed the appellant that, if he did not timely submit the motion, "the Board may issue an order dismissing your petition for review as untimely,

which would result in the initial decision becoming the Board's final decision." *Id.* at 3.

The appellant filed a response to the Board's acknowledgment letter restating his claims in the instant matter and also discussing the Board's October 10, 2024 initial decision "that was to become final November 14, 2024." PFR File, Tab 3. The appellant did not address the untimeliness of his petition for review in this appeal. *Id.* The Office of the Clerk of the Board subsequently issued an order again directing the appellant to file a pleading clarifying whether his October 25, 2024 submission was a petition for review of the March 12, 2024 initial decision in MSPB Docket No. NY-3443-21-0123-I-2, a petition for review of the October 10, 2024 initial decision in MSPB Docket No. NY-0752-19-0223-B-2, or a petition for review of both decisions. PFR File, Tab 4. The appellant did not respond.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for review. 5 C.F.R. § 1201.56(b)(2)(B); *see McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007). Here, the initial decision was issued on March 12, 2024, and sent via U.S. Mail to the appellant the same day. ID at 16. The appellant does not allege that he did not receive the initial decision within

---

[2] On December 20, 2024, the Office of the Clerk of the Board issued the appellant a letter informing him that because he did not clarify the intent of his October 25, 2024 submission or indicate that he wished to pursue a petition for review in MSPB Docket No. NY-0752-19-0223-B-2, his October 25, 2024 submission would be considered as a petition for review in this appeal only.

5 days of its issuance. Therefore, we find that the appellant's petition for review filed on October 25, 2024, is untimely by more than 6 months. PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e).

The Board will waive its filing deadline only upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id.*; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, we find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. The appellant has not provided any explanation for his late filing despite being afforded the opportunity to do so and explicitly warned that his failure to establish good cause for his untimely filing would result in dismissal of his petition for review. His failure to address the timeliness of his petition for review, or to respond to the Board's repeated requests for clarification about his submission, and the lack of evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from filing a timely petition for review weigh against finding good cause. Although it appears that the appellant may now be proceeding pro se, his 6-month delay is significant. *See, e.g.*, *Mashack v. U.S. Postal Service*, 96 M.S.P.R. 174, ¶ 8 (2004) (finding a 3 1/2-month delay significant); *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month

delay not minimal). Furthermore, neither the argument contained in the appellant's petition for review submissions nor the documents he provides therewith establish good cause for his untimeliness; they only challenge the merits of his restoration appeal.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the restoration appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.